IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ESPERANZA ACOSTA | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. |
| | § § | |
| BORDER STATES INDUSTRIES, INC., | § § | |
| Defendant. | § § | |

### DEFENDANT'S NOTICE OF REMOVAL

1. Defendant Border States Industries, Inc. ("Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 to the United States District Court for the District of New Mexico, and as grounds therefore states:

**A. TIMELINESS**

2. On or about June 18, 2024, Plaintiff Esperanza Acosta ("Plaintiff") filed a civil action against Defendant in New Mexico State Court, Fifth Judicial District, County of Lea, No. D-506-CV-2024-00568. A copy of Plaintiff's Complaint is attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a).

3. Defendant was served with the Complaint on July 8, 2024.

4. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**B. VENUE**

5. The Lea County, Fifth Judicial Court of New Mexico is located within the District of New Mexico. 28 U.S.C. § 111. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### C. First Basis for Removal: Diversity Jurisdiction

6. This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

#### i. Complete Diversity of Citizenship Exists

7. Plaintiff is a citizen of the State of New Mexico. Complaint, § 1.

8. By Plaintiff's admission, Defendant is a North Dakota corporation with is principle place of business in North Dakota. Complaint § 2.

9. Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

#### ii. The Amount in Controversy Exceeds $75,000

10. This is an action to recover damages for an alleged violation of Title VII of the Civil Rights Act of 1964, as amended (codified at §§ 2000e, et seq.), and the New Mexico Human Rights Act.

11. In her Complaint, Plaintiff does not specify the amount of damages sought in this action.

12. In seeking removal, Defendant must show that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015).

13. In her Complaint, Plaintiff claims Defendant discriminated against her on the basis of her gender, and ultimately terminated her employment in retaliation for her report of harassment. Complaint, ¶¶ 14-23.[1]

14. Plaintiff seeks damages in the form of damages as required by law, including loss of income, emotional distress, punitive damages, as well as reasonable attorney's fees, expenses, and costs of suit. (Complaint ¶¶ 21-22, 31; Complaint Prayer for Relief, ¶ 1.)

15. At the time of the termination of Plaintiff's employment with Defendant on or about September 26, 2023, Plaintiff was working as a Driver. Plaintiff's hourly rate of pay was $18.20/hour, with an annual income of approximately $37,856. The average time for a case to proceed to trial in the United States District Court of New Mexico is 9.9 months.[2] As such, by the time of trial, Plaintiff's claim for past lost wages alone will amount to approximately $67,415.

16. Plaintiff's claim for future lost wages is undefined at present, but in similar cases, the complaining party will seek to recover at least two years of future lost wages. In this case, two years of future lost wages would total $75,712.

17. Plaintiff also seeks damages for "emotional distress." (Complaint ¶¶ 21-22, 31; Complaint Prayer for Relief, ¶ 1.). Plaintiff's claims for these damages are undefined at present, but in similar cases, the complaining party often attempts to calculate these damages based on the lost and future wages.

18. When mandated or allowed by statute, reasonable attorney's fees may be included in the amount in controversy for purposes of diversity jurisdiction. Plaintiff seeks attorney's fees under Title VII, which provides that the Court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . ." 42 U.S.C. § 2000e-

---

[1] Defendant denies these and all such allegations in Plaintiff's Complaint.
[2] *See* http://www.uscourts.gov/report-name/federal-court-management-statistics (last visited August 7, 2024).

5(k).  Plaintiff's attorney's fees are accruing; it is more likely than not that the amount will total thousands of dollars.

19. Plaintiff seeks a punitive damages award and, while he has not identified any amount sought as punitive or other damages, that amount alone (as sought) is likely to exceed the $75,000 amount-in-controversy threshold.

20. Plaintiff's costs and expenses are accruing and will likely contribute thousands of additional dollars to the actual amount in controversy.

### D.  SECOND BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

21. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

22. Plaintiff's Complaint alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended (codified at §§ 2000e, et seq.), and the New Mexico Human Rights Act.

23. By asserting claims under federal law, Title VII, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331.  Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

24. This Court has supplemental jurisdiction over Plaintiff's state law claims for discrimination and retaliation under the New Mexico Human Rights Act ("NMHRA").  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause(s) of action "that they form part of the same case or controversy under Article III of the United States Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative

fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

25. Here, Plaintiff's state law claims for discrimination and retaliation relate closely to her Title VII claims. The claims all arise out of a common nucleus of operative facts: in short, Plaintiff bases both her federal and state law claims on the idea that she was working for Defendant as a Driver, was sexually harassed, reported the harassment, and was terminated in retaliation for making this report.[3] In fact, Plaintiff makes essentially identical allegations as part of her Title VII claim (Complaint, FIRST CAUSE OF ACTION, ¶¶ 14-23) and her NMHRA claim (Complaint, SECOND CAUSE OF ACTION, ¶¶ 24-1 [sic]). Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**E. ATTACHMENT OF STATE COURT PLEADINGS**

26. Defendant has attached as **Exhibit B** to this Notice a complete copy of the state court file, including the docket sheet.

**F. NOTICE OF REMOVAL GIVEN TO STATE COURT**

27. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the Lea County,

---

[3] Defendant denies all such allegations.

Fifth Judicial Court of New Mexico.  A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit C.**

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Lea County, Fifth Judicial Court of the State of New Mexico to the United States District Court for New Mexico.  By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

Respectfully submitted,

/s/ Derek T. Rollins
Derek T. Rollins
New Mexico Bar No. 25881
derek.rollins@ogletree.com
OGLETREE DEAKINS
NASH SMOAK& STEWART, P.C.
301 Congress Ave., Ste. 1150
Austin, Texas 78701
512.344.4700
512.344.4701 Fax

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day sent via email a true and correct copy of the foregoing to the following:

Benjamin Gubernick
ben@wglawllp.com
WALDO GUBERNICK LAW ADVOCATES LLP
717 Texas Ave., Suite 1200
Houston, TX  77002

SO CERTIFIED, this 7th day of August, 2024.

/s/ Derek T. Rollins
Counsel for Defendant

33223175.1